## JOHN CLAPP *vs.* JOHN W. THOMAS.

In an action against a sheriff to recover damages for the wrongful act of his deputy, in attaching, among other things, tools of the plaintiff which were exempt from attachment, and for disturbing the plaintiff in the use and occupation of his barn, the defendant has no ground of exception to instructions that if, by an attachment of such tools as were exempt, the plaintiff wholly lost them, he was entitled to recover their value and interest from the time of the attachment; or, if he only lost the temporary use of them, he would be entitled to recover for the injury suffered by him from the loss of such use; and that if the deputy, after attaching the plaintiff's property, kept the same in the plaintiff's barn, in the custody of a keeper who occupied and exercised control of the barn so as wholly or partially to exclude the plaintiff therefrom, the plaintiff was entitled to recover indemnity for the loss of the use and occupation of that portion thereof not occupied by the attached property.

In an action by the lessee of a farm against a sheriff to recover damages for the wrongful act of his deputy, in attaching, at the suit of the lessor, hay and fodder which the lessee had covenanted in his lease to spend or consume upon the farm, it is erroneous to instruct

the jury that the plaintiff's injury may be measured in part by the loss incurred by him
" in being disabled thereby from leaving upon the farm the quantity of fodder required
tc be left by him by the covenants of his lease."

Tort against the sheriff of Norfolk for the default of his dep-
uty, Littlefield, in attaching, upon a writ in favor of Etheridge
Clark against the plaintiff, certain hay, corn and farming tools
alleged to be exempt from attachment; and also for disturbing
the plaintiff in his use and occupation of his barn.

At the second trial in the superior court, before *Brigham*, J
after the decision reported in 5 Allen, 158, it appeared that or
the 14th of April 1857, by an indenture, Clark leased a certain
farm to the plaintiff until the 1st of April 1858, and the plaintiff
therein covenanted, amongst other things, that he would " spend
or consume all the hay or other fodder on the premises, which
may be produced thereon during the aforesaid term ; " that a
short time before the expiration of the lease, Clark brought an
action against the plaintiff for not performing certain stipula·
tions of the lease, and Littlefield, in serving the writ therein, did
the acts now complained of; that the plaintiff filed an answer
in said action, setting forth that Clark turned him out of posses-
sion before the expiration of his term and wrongfully attached
hay, which was admitted to be the same for which the plain-
tiff now seeks to recover; that Clark recovered judgment in
that action; and that the plaintiff heretofore brought an action
against Littlefield for the same acts for which this action was
brought, and became nonsuit therein.

The judge declined to instruct the jury, in compliance with
the request of the defendant, that the nonsuit of the plaintiff in
the action against Littlefield, and the pleadings and judgment
in the action by Clark against the plaintiff, constituted a bar to
this action ; and instructed them as follows :

" The defendant's deputy had no legal authority to attach any
hay or other fodder produced on the farm during the period of
the plaintiff's tenancy, as the plaintiff had no interest in that
property which was attachable ; and the injury to the plaintiff
from attaching such property will be measured by the loss
the plaintiff incurred thereby in being disabled from profitably

feeding his own cattle or the cattle of other persons with the fodder attached, from the time of its attachment to April 1, 1859 when his term of tenancy expired; and in being also disabled thereby from leaving upon the farm the quantity of fodder required to be left by him by the covenants of his lease.

" The defendant's deputy had no legal authority to attach the plaintiff's tools which were used by him in tilling the farm; and if, by any such attachment, the plaintiff wholly lost such tools, he is entitled to recover their value, and interest on that value from the time of their taking by attachment; if from attachment by the defendant's deputy the plaintiff lost the temporary use only of his tools exempt from attachment, or such use of the tools or property of other persons thus attached as his property, to the use of which he was entitled, then he would be entitled to recover for the injury suffered by him from such loss of use.

" So much of the corn produced on the farm during the plaintiff's tenancy as was fodder, was to be consumed on the farm, and was not attachable as his property. If the defendant's deputy, after attaching property as the property of the plaintiff kept the same, in the custody of a keeper appointed by him, in a barn of the plaintiff, and such keeper occupied and exercised control of said barn, so as to exclude, partially or wholly, the plaintiff from the use and occupation of said barn, in respect to the part of the barn not occupied by the attached property, the plaintiff may recover indemnity for such loss of use and occupation of the barn."

The jury returned a verdict for the plaintiff, and the defendant alleged exceptions.

*J. E. Carpenter*, for the defendant.

*A. B. Berry*, for the plaintiff.

METCALF, J. The ruling of the judge, that neither the action brought against Littlefield, the attaching officer, by the plaintiff, in which he became nonsuit, nor the judgment recovered against him by Clark, his lessor, was a bar to this action, was rightly made; as was decided when this case was formerly before the court. 5 Allen, 158.

The instruction to the jury, as to the attachment of the plaintiff's farming tools, appears to have been correct. And the instruction, as to the use of the barn, was sufficiently favorable to the defendant.

The exceptions do not show that the instruction was wrong, concerning the attachment of corn in the plaintiff's possession, necessary, procured and intended for the use of his family. The court, however, adhere to the views heretofore expressed on this matter, in 5 Allen, 160, 161; and if, on a new trial, (which is to be granted,) the case shall be found to come within the decision formerly made on this point, the law, as then held, will doubtless be stated to the jury.

We are of opinion that one of the questions discussed by counsel is immaterial, and need not be decided; to wit, whether the plaintiff had an attachable interest in the hay or other fodder produced on the farm leased to him by Clark, who caused it to be attached. The jury were instructed that the plaintiff had not such an interest therein. To this ruling the plaintiff has not excepted; and the defendant has not suffered from it, because, even if it was incorrect, the damages for which, by the other instructions to the jury, he was held liable to the plaintiff, were not greater than they would have been, if the plaintiff's interest in the hay or other fodder had been held by the judge to be attachable. The jury were instructed that the plaintiff had such an interest in those productions as entitled him to damages for the attachment thereof, and that his injury thereby caused was to be measured, not only by his loss in being disabled to feed his own and others' cattle thereon, but in his " being also disabled thereby from leaving upon the farm the quantity of fodder required to be left by him by the covenants of his lease." We must understand the meaning of this last instruction to be, that the plaintiff was entitled to recover damages for having been disabled, by the attachment made by his lessor, to spend or consume all the hay or other fodder on the premises, which was produced thereon, according to the terms of his lease; for he did not therein covenant to " leave " the hay or fodder on the premises, in any other manner. But this cause

of damage to the plaintiff does not exist. The lessor, by caus-ing the attachment, disabled the plaintiff to perform that cove-nant, and he cannot be made answerable to the lessor for not performing it. Chit. Con. (10th Amer. ed.) 811. Platt on Cove-nants, *594, 595.* The exception to this instruction must there fore be sustained.                    *New trial granted.*